IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

GEORGE ARCHER,

Plaintiff,

v.

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

Defendant.

Case No. 6:26-cv-01644-JDA

**DEFENDANT'S ANSWER**

Defendant, The Prudential Insurance Company of America ("Prudential" or "Defendant"), by and through its attorneys, and for its Answer and Affirmative and Additional Defenses to Plaintiff George Archer's ("Plaintiff") Complaint, states as follows:

**FOR A FIRST DEFENSE**

1. With respect to Complaint Paragraph No. 1, Prudential admits that Plaintiff has self-identified as a citizen and resident of North Carolina. Prudential is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Complaint Paragraph No. 1.

2. With respect to Complaint Paragraph No. 2, Prudential admits that it is an insurance company organized and existing pursuant to the laws of one of the States of the United States and does business in South Carolina. Prudential denies the remaining allegations contained in Complaint Paragraph No. 2.

3. With respect to Complaint Paragraph No. 3, Prudential admits that Plaintiff purports to bring this action under Section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), to recover long-term disability

1

("LTD") benefits under an employee welfare benefit plan sponsored by Microsoft Corporation ("Microsoft") (the "plan"). For purposes of this action only, Prudential admits this Court has jurisdiction over the subject matter of Plaintiff's claim. Prudential denies that Plaintiff is entitled to any relief whatsoever, and denies all remaining allegations contained in Complaint Paragraph No. 3.

4.      With respect to Complaint Paragraph No. 4, Prudential admits that Plaintiff was, at certain times, employed by Microsoft, and that as an employee of Microsoft Plaintiff was, at certain times, eligible for LTD coverage through his employment. Prudential admits that LTD coverage under the plan was provided under a group insurance policy issued by Prudential to Microsoft pursuant to Group Contract No. G-43994-WA. Prudential admits that it performs certain administrative functions in connection with certain claims for LTD benefits under the plan. Prudential admits that it is the sole entity to determine which LTD claims are payable pursuant to the plan. Prudential denies all remaining allegations contained in Complaint Paragraph No. 4.

5.      With respect to Complaint Paragraph No. 5, Prudential admits that Plaintiff stopped working at his job at Microsoft, and that he filed a claim for short-term disability benefits, which was later rolled over for consideration as an LTD claim. Prudential denies the remaining allegations contained in Complaint Paragraph No. 5.

6.      With respect to Complaint Paragraph No. 6, Prudential admits that, by letter dated February 26, 2023, it approved Plaintiff's claim for LTD benefits under the plan based upon the information then available, effective January 28, 2023. Prudential further admits that, by letter dated April 23, 2025, it closed Plaintiff's claim for LTD benefits under the plan, effective January 28, 2025. Prudential further admits that Plaintiff exhausted his administrative remedies with

respect to his current claim for LTD benefits under the plan (claim number 13173383). Prudential denies the remaining allegations contained in Paragraph No. 6.

7.     Prudential denies the allegations in Complaint Paragraph No. 7.

8.     With respect to Complaint Paragraph No. 8, Prudential incorporates by reference the relevant and consistent allegations of its previous Defenses as if fully set forth herein.

9.     With respect to Complaint Paragraph No. 9, Prudential admits that Plaintiff requests that the Court consider the administrative record and find Plaintiff entitled to benefits, as well as attorney's fees and costs. Prudential denies the remaining allegations in Complaint Paragraph No. 9 and further denies that Plaintiff is entitled to any relief whatsoever.

10.     The foregoing paragraph constitutes Plaintiff's prayer for relief, to which no response is required. To the extent a response is required, Prudential denies any allegations contained therein and specifically denies that Plaintiff is entitled to any relief whatsoever.

## FOR A SECOND DEFENSE

11.     Defendant incorporates by reference the relevant and consistent allegations of its previous Defenses as if fully set forth herein.

12.     The decision to deny Plaintiff's claim should be reviewed under the abuse of discretion or arbitrary and capricious standard.

## FOR A THIRD DEFENSE

13.     Defendant incorporates by reference the relevant and consistent allegations of its previous Defenses as if fully set forth herein.

14.     The Court's review should be limited to examination of the administrative record created during the processing of Plaintiff's claim.

## FOR A FOURTH DEFENSE

15.    Defendant incorporates by reference the relevant and consistent allegations of its previous Defenses as if fully set forth herein.

16.    Plaintiff's claim, in whole or in part, fails to state a claim upon which relief can be granted as a matter of fact and law.

## FOR A FIFTH DEFENSE

17.    Defendant incorporates by reference the relevant and consistent allegations of its previous Defenses as if fully set forth herein.

18.    There is no vesting of benefits or coverage under the plan, and therefore, Plaintiff must prove entitlement to continuation of benefits under the plan.

## FOR A SIXTH DEFENSE

19.    Defendant incorporates by reference the relevant and consistent allegations of its previous Defenses as if fully set forth herein.

20.    Plaintiff seeks benefits that are not provided under the plan.

## FOR A SEVENTH DEFENSE

21.    Defendant incorporates by reference the relevant and consistent allegations of its previous Defenses as if fully set forth herein.

22.    Plaintiff's claim is barred, in whole or in part, because Plaintiff has not suffered the injury or damages alleged, or any other injury or damages.

## FOR AN EIGHTH DEFENSE

23.    Defendant incorporates by reference the relevant and consistent allegations of its previous Defenses as if fully set forth herein.

4

24    Venue is not convenient to the location of the parties and witnesses in the United States District Court for the District of South Carolina.

## **FOR A NINTH DEFENSE**

25.    Defendant incorporates by reference the relevant and consistent allegations of its previous Defenses as if fully set forth herein.

26.    Venue is not appropriate in the United States District Court for the District of South Carolina.

Prudential reserves its right to amend the answer and to assert any additional affirmative and other defenses as may become available or apparent at a future date.

WHEREFORE, Prudential denies that Plaintiff is entitled to the relief requested or any relief whatsoever and respectfully submits that the Complaint should be dismissed with prejudice and that Prudential should be awarded its costs and attorneys' fees and any other relief that the Court deems just and proper.

DATED: June 30, 2026                Respectfully submitted,

HAYSWORTH SINKLER BOYD, P.A.

*s/ J. D. Quattlebaum*
J. D. Quattlebaum, Fed. ID No. 5252
One North Main Street, 2nd Floor
Greenville, South Carolina 29601
Telephone: (864) 240-3200
Facsimile: (864) 240-3300
dquattlebaum@hsblawfirm.com
*Attorneys for Defendant*
*The Prudential Insurance Company of America*