IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

|  |  |
|---|---|
| **George Archer,**<br><br>            Plaintiff,<br><br>v.<br><br><br>**Prudential Insurance Company of America, The,**<br><br>            Defendant. | C/A No **6:26-cv-01644-JDA**<br><br><br><br>**SPECIALIZED CASE MANAGEMENT ORDER**[1]<br>(29 U.S.C. § 1001 *et seq.*) |

This case appears to request entitlement to benefits pursuant to the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. 1001 *et seq.*  In light of the claim for relief as set forth in the Complaint, the Court Orders as follows:

**\*NOTE: All references to "days" refer to calendar days.\***

1.      Within fourteen (14) days from the date of this Order, Plaintiff is required to respond to the attached Specialized Interrogatories.  Defendant is required to respond to the same interrogatories within twenty-eight (28) days after receiving Plaintiff's Responses**.  Defendant shall, at the same time, produce: (a) the governing plan document; (b) the summary plan description; and (c) the administrative record relevant to the particular claim at issue.**  The responses to the Specialized Interrogatories and related production are to be served on opposing counsel and are **not** to be filed with the Court.

---

[1]  This Specialized Case Management Order has been amended to comply with the Fourth Circuit's ruling in *Tekmen v. Reliance Standard Life Insurance Company*, 55 F.4th 951 (4th Cir. 2022).

2.     If the parties agree that all of the claims in the case are controlled or preempted by ERISA, then within fourteen (14) days after Defendant serves its Responses to the attached Specialized Interrogatories, the parties are required to confer to discuss the issues raised by the attached Joint Stipulation Instructions for ERISA Cases, **to complete the exchange of any documents on which they may rely including confirmation that the full administrative record and controlling documents have been produced, and to set a date for mediation of the action. Within one week following the conference, the parties shall file a joint certification: (a) stating the date on which they conferred; (b) advising the Court of any issues raised by the Joint Stipulation on which the parties are not in agreement; (c) advising the Court if either party objects to the procedure for disposition of the action proposed by the Joint Stipulation Instructions; (d) confirming that they have exchanged all documents on which either party intends to rely for resolution of the action; and (e) advising the Court of the date set for mediation.  The parties shall <u>not</u> file either the Joint Stipulation or any portion of the administrative record at the time of the filing of the certification.  Supplementation of the record after the certification is filed with the Court will not be allowed absent consent or upon showing of good cause for the delay in production.**

3.     In the event the parties disagree as to whether some or all the claims in the case are controlled or preempted by ERISA, the party asserting ERISA preemption shall file, within fourteen (14) days after Defendant serves its Responses to the attached Specialized Interrogatories, a written memorandum setting forth the grounds and legal basis on which the party asserts the claims are preempted by ERISA.  The form of the

2

memorandum and the time and manner for filing any response or reply memoranda shall be governed by the provisions of Local Civil Rule 7.01 *et seq*.  If the Court finds that some or all the claims are preempted by ERISA, then within fourteen (14) days after such ruling, the parties are required to complete the Joint Stipulation conference outlined in Paragraph 2 above.  If the Court finds that some but not all the claims are preempted by ERISA, then the parties are to propose in the Joint Stipulation how the Court should proceed with any non-ERISA claims.

**4.     Mediation shall be completed within twenty-eight (28) days following the conference addressed in Paragraph 2 above.**

**5.     If the matter is not resolved by mediation, the parties shall, within sixty (60) days after the conference addressed in Paragraph 2 above**, file cross-memoranda in support of judgment with respect to all benefits claims governed by ERISA. **The Joint Stipulation shall be filed at the same time as the cross-memoranda and Defendant shall be responsible for submitting a courtesy copy of the Joint Stipulation to the undersigned within seven (7) days of filing its memorandum.**[2] Each party shall have seven (7) days thereafter to file an optional reply.  These memoranda should follow the form of Local Civil Rule 7.05.  All references in memoranda shall be to the consecutively-numbered page of the attachments to the Joint Stipulation. **Any party objecting to the Court disposing of the case on the Joint Stipulation must**

---

[2] If any evidentiary material submitted in support of the Joint Stipulation (*i.e.* the administrative record) contains medical information, it should be filed separately using the event titled "Evidentiary Appendix to Joint Stipulation - Limited Access" found under the "Other Documents" link.  This will automatically result in a restricted access.

**file an objection with or prior to the filing of the joint certification required by Paragraph 2 of this Order.**

**Where no genuine issues of material fact exist, the Court will decide the ERISA benefits issues via summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.  Where there are disputed issues of material fact, the Court will conduct a bench trial pursuant to Rule 52 of the Federal Rules of Civil Procedure.**[3]  New evidence that was not before the plan administrator will be allowed only when circumstances clearly establish that additional evidence is necessary to conduct an adequate de novo review of the benefits decision.[4]

---

[3] Recently, the Fourth Circuit has clarified that "in the context of de novo review of ERISA denial-of-benefits cases as in any other context, district courts should employ the appropriate procedural mechanism for resolving the case before them as defined by the Federal Rules of Civil Procedure.  Summary judgment in such cases is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  Where there are disputed issues of material fact, a Rule 52 bench trial, which will typically be limited to the administrative record that was before the plan administrator, is appropriate." *Tekmen v. Reliance Standard Life Ins. Co.*, 55 F.4th 951, 961 (4th Cir. 2022) (footnotes omitted); *see also Neumann v. Prudential Ins. Co. of Am.*, 367 F. Supp. 2d 969, 979 (E.D. Va. 2005) ("Further, even if a district court elects not to consider evidence beyond the record presented to the plan administrator, it seems appropriate, as both the Second and Ninth circuits have sensibly concluded, for a district court to conduct a bench trial on the papers with the district court acting as the finder of fact.") (internal quotation marks omitted).

[4] *See Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017, 1025 (4th Cir. 1993) ("[W]e adopt a scope of review that permits the district court in its discretion to allow evidence that was not before the plan administrator.  The district court should exercise its discretion, however, only when circumstances clearly establish that additional evidence is necessary to conduct an adequate *de novo* review of the benefit decision.  In most cases, where additional evidence is not necessary for adequate review of the benefits decision, the district court should only look at the evidence that was before the plan administrator or trustee at the time of the determination.").

The procedures set forth in this Order are intended to supersede and replace the requirements generally applicable under Rules 26(a), (d) and (f) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED**.

s/Jacquelyn D. Austin
United States District Judge

June 30, 2026
Greenville, South Carolina

**SPECIALIZED CASE
MANAGEMENT ORDER**

**SPECIALIZED INTERROGATORIES TO
BE ANSWERED BY THE PARTIES**

      1.      PREEMPTION ISSUES:  ERISA provides for preemption of state law claims which relate to an ERISA plan.[1]  Therefore, if Plaintiff asserts any state law claims, each party should state whether it contends any of Plaintiff's state law claims survive ERISA preemption.  If any party contends any state law claims survive preemption, that party should set forth the factual and legal basis for this position and provide a list of any claims beyond those provided by 29 U.S.C. § 1132 which the party believes survive preemption, including claims asserted under other federal laws.

      2.      PERMISSIVE AMENDMENT OF PLEADING:  It is this Court's general policy to allow liberal amendment of the Complaint to assert ERISA claims if the Court finds the originally asserted claims to be preempted by ERISA.  If Plaintiff asserts state law claims which are or may be preempted, each party should state its position regarding amendment of the Complaint.[2]

      3.      STANDARD OF REVIEW:  As a general rule, this Court will conduct a de novo review of a benefits denial decision unless the controlling plan documents grant the plan or claims administrator discretion to interpret or apply the plan's terms.  An abuse of discretion standard is applied if appropriate language is included in the relevant plan documents.  In the latter case, the Court will also consider whether the person or entity which made the benefits denial decision had a conflict of interest.[3]  Each party should

---

[1] *See, e.g.*, 29 U.S.C. § 1002(1)–(8) (key definitions); 29 U.S.C. § 1003 (scope of coverage); 29 U.S.C. § 1144 (preemption provisions); 29 U.S.C. § 1132 (remedial provisions); *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133 (1990) (preempting state common law for wrongful termination when plaintiff-employee alleges termination to avoid payment of pension benefits); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987) (preempting state law claims for breach of contract and bad faith refusal to pay benefits under an insured employee benefits plan); *Makar v. Health Care Corp. of Mid-Atlantic*, 872 F.2d 80, 82 (4th Cir. 1989) ("After *Pilot Life*, . . . any contention that the state claims here are not preempted by ERISA would be frivolous.").

[2] Plaintiff should list the claims which it would anticipate asserting under ERISA and a date by which an amended complaint will be submitted.  Defendant should provide any support it may have for opposing amendment at this stage.

[3] *See Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989) (rejecting the "arbitrary and capricious" standard of review, which was previously applied in most, if not all, circuits); *see also infra note 11* (citing Fourth Circuit cases applying the two standards of review).

6

explain its position regarding the appropriate standard of review in this case and, if any party contends an abuse of discretion standard applies, that party should provide the plan documentation which supports its position.

4.     NON-JURY TRIAL:  ERISA cases are to be tried non-jury. Where there are disputed issues of material fact, a Rule 52 bench trial, which will typically be limited to the administrative record that was before the plan administrator, is appropriate. [4]  If the Court does not consider evidence beyond the record presented to the plan administrator, the Court may, in its discretion, conduct a bench trial based solely on the parties' written submissions.[5]  Should circumstances clearly establish that additional evidence is necessary to conduct an adequate de novo review of the benefit decision, the Court will conduct an in-person bench trial pursuant to Rule 52.[6]  If either party asserts that additional evidence beyond the administrative record is necessary to conduct an adequate de novo review of the benefit decision please assert the factual and legal basis for its position.

5.     EXHAUSTION OF PLAN REMEDIES:  This Court follows the general rule that a litigant must exhaust plan remedies before seeking judicial review of a plan's

---

[4] "Under [ERISA], 'proceedings to determine rights under employee benefit plans are equitable in character and thus a matter for a judge, not a jury.'" *Phelps v. C.T. Enterprises, Inc.*, 394 F.3d 213, 222 (4th Cir. 2005) (quoting *Berry v. Ciba-Geigy*, 761 F.2d 1003, 1007 (4th Cir. 1985)); *see also Tekmen v. Reliance Standard Life Ins. Co.*, 55 F.4th 951, 961 (4th Cir. 2022) (holding that a bench trial pursuant to Rule 52 is appropriate if the case is not resolved by summary judgment).

[5] *See Neumann v. Prudential Ins. Co. of Am.*, 367 F. Supp. 2d 969, 979–80 (E.D. Va. 2005) ("In essence, this 'de novo review of the parties' submissions' and the record before the administrator, is a bench trial on the paper record.") (quoting *Muller v. First Unum Life Ins. Co.*, 341 F.3d 119, 124 (2d Cir. 2003)).

[6] *See Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017, 1025 (4th Cir. 1993) ("Nevertheless, we continue to believe that the purposes of ERISA . . . warrant significant restraints on the district court's ability to allow evidence beyond what was presented to the administrator.  In our view, the most desirable approach to the proper scope of *de novo* review under ERISA is one which balances these multiple purposes of ERISA. Consequently, we adopt a scope of review that permits the district court in its discretion to allow evidence that was not before the plan administrator.  The district court should exercise its discretion, however, only when circumstances clearly establish that additional evidence is necessary to conduct an adequate *de novo* review of the benefit decision.  In most cases, where additional evidence is not necessary for adequate review of the benefits decision, the district court should only look at the evidence that was before the plan administrator or trustee at the time of the determination.").

decision to deny benefits.[7]  Each party should, therefore, state its position regarding whether plan remedies have been exhausted or whether some exception to exhaustion applies.  If plan remedies have not been exhausted, each party should state its position regarding the length of time necessary to exhaust plan remedies and whether this matter should be stayed or dismissed without prejudice in the interim.

6.     SCOPE OF ADMISSIBLE EVIDENCE:  The scope of admissible evidence is dependent to a large degree on two factors: (1) what evidence was presented to the plan during the internal review process; and (2) the applicable standard of review.  *See* Paragraphs 3 and 5 above.  In particular, there is a preference for limiting Plaintiff to evidence presented to the plan administrator during the internal review process.[8]  If either party contends that the evidence to be considered by this Court should include evidence not presented to the plan administrator during the plan's internal review process (exhaustion of plan remedies), it should provide the legal and factual basis for its position.  Although the scope of discovery is broader than the scope of admissible evidence, the scope of discovery is affected by the previous two factors.  <u>Each party shall set forth its position on what discovery it intends to conduct in the case and whether the party contends discovery is limited by either the administrative record or the scope of review. No discovery shall be taken without permission of the Court.</u>

7.     DAMAGES:  This Court accepts the majority view that punitive damages are not available under ERISA.[9]  If Plaintiff pursues punitive damages under ERISA or under any other claims which Plaintiff contends survive preemption, Plaintiff should set forth the factual and legal basis for its position.

---

[7]  *See Hickey v. Digital Equip. Co.*, 43 F.3d 941, 945 (4th Cir. 1995) (affirming order requiring exhaustion of plan remedies absent a "clear and positive" showing of futility); *Makar*, 872 F.2d at 82–83 (dismissing case without prejudice because plaintiff had not exhausted available plan remedies).

[8]  *See Sheppard & Enoch Pratt Hosp., Inc. v. Travelers Ins. Co.*, 32 F.3d 120, 124–25 (4th Cir. 1994) (when plan is granted discretion to make benefits decision, the trial court should normally refuse to consider evidence not presented to the plan); *Quesinberry*, 987 F.2d at 1025–27 (discussing differing standards of review and stating preference for review limited to evidence before the administrator, especially where the administrator who made the denial decision is vested with discretion).

[9]  *See Massachusetts Mut. Ins. Co. v. Russell*, 473 U.S. 134 (1985) (integrated enforcement scheme of ERISA indicates the intent of Congress not to authorize punitive or extra-contractual damages); *Powell v. Chesapeake & Potomac Tel. Co.*, 780 F.2d 419, 424 (4th Cir. 1985) (denying extra-contractual and punitive damages for withholding of benefits and related harassment claims), *cert denied*, 476 U.S. 1170 (1986).  ERISA does, however, allow for an award of attorney's fees.  29 U.S.C. § 1132(g); *Quesinberry*, 987 F.2d at 1028–30 (addressing five-factor test for award of attorneys fees under ERISA).

8.     OTHER ISSUES:  If the parties are aware of other procedural issues which should be addressed at this stage, they may raise them in response to this Order (*e.g.*, whether the proper entities have been joined).

**SPECIALIZED CASE
MANAGEMENT ORDER**

**JOINT STIPULATION INSTRUCTIONS
FOR ERISA CASES**

1.     Stipulate as to whether this matter involves only a claim for benefits pursuant to ERISA 29 U.S.C. § 1132(a)(1)(B) and a claim for attorney's fees pursuant to 29 U.S.C. § 1132(g).  If in disagreement, state each party's position.

2.     Stipulate whether administrative remedies provided by the plan have been fully exhausted.  If in disagreement, state each party's position.

3.     Stipulate to the standard of review and state any language of the plan that confers discretionary authority upon Defendant.  The parties should specifically address the effect of any conflict of interest.  If in disagreement, state each party's position and cite the language of the plan and case law that supports each position.

4.     Stipulate to the contents of the administrative record and attach one copy of the relevant portions of the administrative record, consecutively numbered, as Exhibit 1.  If in disagreement, attach the relevant portions of the record that are in dispute, consecutively numbered, and state each party's position.

5.     Stipulate to the governing plan document(s) and attach the relevant plan document(s), consecutively numbered, as Exhibit 2.  If the parties disagree as to which plan document applies, attach the relevant documents and state each party's position.

6.     Stipulate to any plan provisions, exclusive of provisions that grant Defendant any discretionary authority or that outline the claims review procedure, which the Court should consider in resolving this dispute.  If in disagreement, state each party's position.

7.     Stipulate to the substantive issues that this Court should resolve.  If in disagreement, state each party's position.

8.     Stipulate, by signing below, that this Court may dispose of this matter based solely upon this document, the attachments thereto, and the memoranda in support of judgment via summary judgment where no genuine dispute of material fact exists or otherwise by sitting as the finder of fact pursuant to Rule 52 of the Federal Rules of Civil Procedure.

## **RESPONSES**

WE SO AGREE AND STIPULATE:

_____                    _____
Counsel for Plaintiff(s)                                               Counsel for Defendant(s)

Date:_____                           Date:_____

10